FILED
JUL 2 7 2023
Scott G. Weber, Clerk, Clark Co.
407 pm

SUPERIOR COURT OF WASHINGTON

FOR CLARK COUNTY

Case No.: 23 2 01868 06

| | |
|---|---|
| VENCINE HADLEY and MARY FLO HORAN<br><br>Plaintiff<br><br>vs.<br><br>WASHINGTON STATE PATROL, Chief John Bastiste, Officer Austin Moore; Cowlitz Indian Tribal Police Public Safety Department and its director; Cowlitz Indian Tribe; John and Jane Doe; Trooper Evan Tippets Trooper Joshua Bacheller individually and in their official capacity<br><br>Defendants. | **COMPLAINT FOR DAMAGES AND INJUNTIVE RELIEF**<br><br>JURY TRIAL DEMANDED<br><br>CLAIM IS NOT SUBJECT TO ARBITRATION<br><br>PUNITIVE DAMAGES PLED |

For their claim for relief against Defendants, Plaintiff state and alleges as follows:

## I. PARTIES

1. Plaintiff VENCINE HADLEY at all times material hereto, is a resident of Clark County, WA.

2. Mary Flo Horan was and is at all times material hereto, an individual residing in Portland Oregon;

COMPLAINT - 1

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

3. The Washington State Patrol (WSP) is an agency of the State of Washington.

4. Trooper Evan Tippets was a Trooper with the Washington State Patrol ; he is being sued in his individual and official capacity;

5. Trooper Joshua Bacheller is a Trooper employed by the Washington State Patrol. He is being sued in his individual and official capacity.

6. Officer Austin Moore is a police officer employed by the Cowlitz Indian Tribal Police Public Safety Department; He is being sued in his individual and official capacity.

7. John Batiste is the Chief of the Washington State Patrol and is responsible for the supervision of its members and a policy maker for the organization. Further he is responsible for the training and oversight of all employees of the Washington State Patrol and their duties. He is sued in his individual and official capacity.

8. Cowlitz Indian Tribal Police Public Safety Department is a subdivision of the Cowlitz Indian Tribe which has agreed to state jurisdiction for actions which occur outside of the Tribe's sovereign land. SR 516 is outside of tribal land;

9. Cowlitz Tribal Public Safety Department, John and/or Jane Doe, its director is responsible for the supervision of its members and a policy maker for the organization. Further the director is responsible for the training and oversight of all employees of the Cowlitz Tribal Public Safety Department and their duties. They are being sued in their individual and official capacity.

## II. JURISDICTION AND VENUE

COMPLAINT - 2

10. Personal and subject matter jurisdiction are proper in in Clark County Superior Court because Plaintiff Vencine Hadley resides in Clark County and some of the acts complained of in this action occurred in Clark County, Washington; The location of the shooting took place off of tribal land.

### III. JURY TRIAL

11. Plaintiffs hereby assert their right to present this matter to a trial by jury.

### IV. STATUS OF PLAINTIFFS

12. Plaintiff Vencine Hadley was an unarmed black male that Defendants shot while he was following police commands to show his hands. At the time of the shooting, Vencine Hadley and Mary Flo Horan posed no threat of death or serious bodily injury to the shooting officers, other officers on scene, or anyone else.

13. Plaintiff Mary Jo Floran, was a white female, unarmed front seat passenger of the vehicle being operated by Mr. Hadley.

14. Plaintiff Mary Jo Floran had committed no crimes or infractions and was unarmed as she was struck by shrapnel to her torso and legs as a result of police shooting into the vehicle she occupied by the named individual officers, infra.

### V. COMPLIANCE WITH RCW 4.92.100

15. Plaintiffs served a standard TORT claim form against the State of Washington, Washington State Patrol in accordance with RCW 4.92.100. More than sixty days elapsed between the service of the Tort claim form and the filing of the complaint commencing this case.

COMPLAINT - 3

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

16. Plaintiffs also served notice upon the Cowlitz Indian Nation, Officer Austin Moore and the Cowlitz Tribal Police Public Safety Department with the notice of claim as required.

## VI. FACTS

17. This case arises from the wrongful shooting of Vencine Hadley; and the wrongful shooting which caused shrapnel wounds to Mary Flo Horan, in what should have been a routine traffic stop for a minor moving violation on June 2, 2021.
18. On June 2, 2021 Vencine Hadley was the driver of a passenger car, and his front seat passenger Mary Flo Horan.
19. At that date, the parties were southbound on Interstate 5, in Cowlitz County, Washington;
20. Trooper Evan Tippets and Joshua Bacheller attempted to pull over Vencine Hadley for an alleged speeding violation.
21. At the time of the attempted traffic stop, neither Vencine Hadley, nor his passenger Mary Flo Horan had committed any crimes.
22. Vencine Hadley was driving with Mary Flo Horan as his passenger.
23. Vencine Hadley had committed no crimes or offenses at the time Troopers initiated their pursuit of his vehicle.
24. Vencine Hadley failed to pull over for the traffic infraction and Trooper Tippets and Bacheller commenced a pursuit for the minor traffic violation;
25. Troopers Bacheller and Tippets violated rules, policies and procedures by

COMPLAINT - 4

initiating a pursuit for the minor traffic infraction they alleged Mr. Hadley had committed.

26. The pursuit violated State Police policy and procedures.

27. Troopers Tippets and Bacheller pursued Mr. Hadley for several miles, and entered into Clark County.

28. Mr. Hadley exited Interstater 5 at exit 16, onto State Route 516, striking a stopped vehicle at the interchange with a round about.

29. The collision caused Mr. Hadley's vehicle to become immobilized in the round about located on State Route 516;

30. State Route 516 and the location of the shooting was not on tribal land.

31. Officer Austin Moore, a police officer with the Cowlitz Indian Tribal Public Safety Department, was on duty, in a marked patrol vehicle.

32. Officer Moore's vehicle was stopped facing westbound on the westbound side of the Roundabout, facing the driver side door of Mr. Hadley's vehicle;

33. Officer Moore got out of his vehicle and had a direct line of sight at the driver's door of Mr. Hadley;

34. Officer Austin Moore repeatedly screamed profanities at Mr. Hadley, demanding that he place his hands outside of his vehicle;

35. Officer Moore raised his duty weapon in the direction of the Hadley vehicle and continued to scream at Mr. Hadley to show his hands;

36. When Mr. Hadley placed his hand outside of the vehicle as he was commanded to do, officer Austin Moore yelled gun and shot Mr. Hadley several times;

COMPLAINT - 5

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

37. Mr. Hadley was not armed and posed no threat to Officer Moore or Trooper Tippets or Trooper Bacheller;

38. Upon information and belief, Officer Moore negligently shot at the Hadley vehicle and all of the vehicles behind Mr. Hadley which were facing eastbound SR 516;

39. Officer Moore opened fire on the unarmed Mr. Hadley shooting at Mr. Hadley, his passenger and all of the vehicles which were stopped on SR 516 facing eastbound;

40. Trooper Tippets and Trooper Bacheller then opened fire on Mr. Hadley's vehicle striking Mr. Hadley and the shrapnel from the bullets entered the legs and torso of Mr. Hadley's passenger Mary Flo Horan.

41. As a result of the wrongful shooting, Mr. Hadley suffered multiple gunshot wounds;

42. As a result of the wrongful shooting, Mary Flo Horan suffered shrapnel wounds to her legs and torso;

43. This complaint is filed against the the State of Washington, Washington State Patrol and the Cowlitz Tribal Police Public Safety Department, its director and the officers individually named for their unreasonable failure to maintain a properly trained police force, the negligent training and retention of officers who violated Mr Hadley's and Ms. Horan's civil rights, their failure to properly train their officers regarding the proper use of deadly force and how to handle a situation without unnecessarily escalating it.

44. Defendant State of Washington, Washington State Patrol, Chief Batiste and the

COMPLAINT - 6

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

Cowlitz Tribal Police public Safety Department and its director failed to take action to address the failure of its officers to follow standard police practices and protocols, or to protect its citizens from Trooper Evan Tippets, Joshua Bacheller and Officer Austin Moore's lack of knowledge of standards regarding the use of deadly force, and unnecessary aggressiveness toward citizens.

45. Defendants, each of them owes a duty of care when engaging in law enforcement functions and the supervision thereof;

46. Defendants, each of them, owe a duty to refrain from negligently, unreasonably, recklessly, and wantonly engaging in the non-consensual invasion of the sanctity of a person's bodily and personal security.

47. Defendants Washington State Patrol, Chief John Batiste, Cowlitz Public Safety Department and its director owe a duty to ensure that the officers in its agency are fit for service and properly trained in police standards and protocols regarding pursuit procedures, control of a scene, dealing with citizens so as not to unnecessarily escalate encounters and to be familiar with and follow proper and reasonable standards regarding the use of deadly force.

48. Defendants Washington State Patrol, Chief John Batiste, Cowlitz Public Safety Department and its director a duty to ensure that its employees and officers have a sufficient understanding in the proper use of force, especially deadly force.

49. Defendants Moore, Tippets and Bacheller breached these duties when they engaged in the improper, unreasonable, unnecessary and excessive use of force ,including but not limited to shooting of Vencine Hadley and Mary Flo Horan

COMPLAINT - 7

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

as they sat unarmed in their vehicle and opened fire on all of the vehicles which were west of the Hadley vehicle.

50. The actions of Trooper Tippets, Trooper Bacheller and Officer More were outrageous and showed a reckless disregard for the safety of the public, including Mr. Hadley and Ms. Horan.

51. Defendants Washington State Patrol, Chief John Batiste, Cowlitz Public Safety Department and its director breached their duties, acted unreasonably and were negligent, when they failed to have officers follow proper training, policies, and procedures on the standard practices of officers in performing routine traffic stops, pursuits and detention of unarmed citizens without use of excessive force.

52. Defendant Washington State Patrol, State of Washington and the Cowlitz Tribal Police Public Safety Department, the individual officers named breached that duty, acted unreasonably and were negligent, when they used unnecessary and improper physical force and violence against Plaintiffs where Officer Austin Moore, Trooper Evan Tippets and Trooper Joshua Bacheller shot and wounded Plaintiffs during what should have been a routine police contact with citizens.

53. As a direct and proximate result of the breaches, failures, and negligence of all Defendants, as described above, and in other respects, Plaintiff was shot multiple times. Mr. Hadley suffered from serious pain and terror, and was gravely wounded as a result of Defendant Austin Moore, Troopers Tippets and

COMPLAINT - 8

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

Bacheller shooting him. Mary Flo Horan was terrified as the front seat passenger, and was struck by bullet fragments and car parts into her torso and legs as a result of the multiple gunshots which entered the vehicle she was merely a passenger in.

54. Plaintiffs bring claims for violation of their fourth amendment rights, their civil rights, negligence, outrage other general and special damages as a direct result of Defendant's failures and the officers' actions and omissions.

55. As a direct and proximate result of the intentional acts, breaches, failures, and negligence of Defendants, as described above and in other respects as well, Plaintiffs, have incurred and will continue to incur general and special damages in amounts to be proven at trial.

56. The negligent and unreasonable actions of Defendants occurred while the officers were in the course of their official duties and amounted to misfeasance that created a risk of harm, and actual harm, which ultimately resulted in serious personal injury and suffering to Plaintiffs. The officers' actions were unreasonable, excessive, and well outside standards that reasonable police officers follow when interacting with citizens. The officers' actions exposed Plaintiffs unnecessary physical and emotional harm. The officers were required to act reasonably and follow the course of conduct of a reasonable officer which they failed to do.

57. Plaintiffs, sustained severe physical and emotional pain and suffering and mental anguish, and other general and special damages which will be proven

COMPLAINT - 9

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

with specificity at the time of trial.

58. The actions of all defendants were negligent;

59. The Actions of Officer Austin Moore, Troopers Tippets and Bacheller constitute the tort of outrage.

60. The actions of all defendants violated RCW 4.16.080(2)(5);

61. At all times relevant to these claims, Defendants were acting under the color of law and in their official capacity.

62. The actions of officer Moore, Trooper Tippets and Trooper Bacheller constituted racial discrimination in that they took action which amounted to excessive use of force based upon Mr. Hadley's race.

63. The actions of the officers violated Plaintiff's Fourth and Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. §1983 and;

64. Plaintiffs suffered emotional distress as a result of the Defendants' outrageous conduct.

65. As a direct and proximate result of these unlawful actions, Plaintiffs sustained damages as more specifically complained of, *infra*.

## VII. CAUSES OF ACTION

66. Defendants, each of them, by and through its employees and agents are accused as follows: All previous paragraphs are incorporated by reference.

COMPLAINT - 10

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

### A. Negligent/Intentional Infliction of Emotional Distress

67. The facts previously set out give rise to causes of action for negligent and/or intentionally infliction of emotional distress. Defendants' conduct was negligent, extreme, outrageous, and/or intentional, as those terms are understood and defined by the laws of the State of Washington.

### B. NEGLIGENCE

68. Defendant officers, owe a duty of care to persons with whom they interact in a police operation involving the likely use of deadly force, to take reasonable care so not to cause foreseeable harm in the course of such law enforcement interactions.

69. Defendant officers have a duty of reasonable care to refrain from inflicting unnecessary harm on others under general notions of negligence under the common law.

70. The Defendants owed such a duty to Plaintiffs, and Defendants Trooper Tippets, Trooper Bacheller and Officer Moore breached that duty when they unreasonably and unnecessarily shot Mr. Hadley and Ms. Horan.

71. Defendant Washington State Patrol, and Chief John Batiste, Cowlitz Tribal Police Public Safety and its director are responsible for the actions and negligence of their employees. These defendants negligently supervised their employees, failed to train its employees in the regarding pursuit procedures, , negligently retained workers who failed to follow shoot, don't shoot procedures as established by policy and law.

COMPLAINT - 11

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

72. Defendant Washington State Patrol and Chief John Batiste negligently supervised Defendants Trooper Evan Tippets and Trooper John Bacheller. Defendants' negligence caused negligent and intentional infliction of emotional distress upon the Plaintiff.

73. Defendant Cowlitz Tribal Police Department Public Safety and its director negligently supervised its employees, failed to train its employees in the proper pursuit procedures , negligently retained workers who failed to follow shoot, don't shoot procedures as established by policy and law;

74. Defendants Evan Tippets, Joshua Bacheller, and Officer Austin Moore performed their official duties in a negligent manner by shooting an unarmed black man and his white female passenger without justification;

75. Defendant's conduct proximately caused injuries and damages and severe emotional distress with associated physical manifestations;

76. Upon information and belief the shooting of Plaintiffs were a result of implicit, institutional, and purposeful discrimination against Mr. Hadley because he was a black male.

77. Portions of the shooting were video recorded the interactions between the officers and Plaintiffs.

78. The use of deadly physical force on Mr. Hadley and his passenger Mary Flo Horan was not justified under the circumstances.

79. The right to be free of excessive force by the defendant officers was well known to Trooper Tippets, Trooper Bacheller, and Officer Moore.

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

80. Prior to the incident on June 2, 2021, Defendants Trooper Tippets, Trooper Bacheller, and Officer Moore each had been trained in the concept of "time, distance and shielding".

81. Despite their training on how to use time, distance and shielding, Defendants Trooper Tippets, Trooper Bacheller, and Officer Moore refused to apply this training when interacting with Plaintiffs.

82. Defendants Trooper Tippets, Trooper Bacheller, and Officer Moore's unreasonable failure or refusal to use their time, distance and shielding training was an actual and proximate cause of the injuries suffered by Plaintiff.

83. The actions of Trooper Tippets, Trooper Bacheller, and Officer Moore were unreasonable, negligent and reckless and they failed to follow accepted police standards.

84. The actions of Trooper Tippets, Trooper Bacheller, and Officer Moore, Plaintiffs have suffered injury to their bodies and minds, significant pain, emotional distress, humiliation, disfigurement, disability and terror.

85. The State of Washington, Washington State Patrol, Cowlitz County Tribal Police Public Safety Department and its supervisors and directions are liable for these reckless, intentional, and negligent actions of their officers, which foreseeably resulted in the unreasonable use of deadly physical force on Plaintiffs.

### C. Violation of State and Federal Law

86. The actions of Defendants violated the state torts of Outrage, negligence, RCW 49.60; and RCW 43.1010.410

COMPLAINT - 13

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

87. Plaintiffs were illegally seized in violation of Washington State Constitution Article 1, Section 7.
88. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3) and § 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments.
89. In addition to the state law claims, Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, and 1343 and the 19 aforementioned statutory and constitutional provisions
90. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, and 1343 and the aforementioned statutory and constitutional provisions
91. Excessive use of force by Defendants Trooper Tippets, Trooper Bacheller, and Officer Moore violated Plaintiffs' fourth amendment rights, 14th Amendment rights,  and 42 U.S.C. § 1983 *et seq;*
92.  The actions, inaction and negligence of Washington State, the Washington State Patrol, Chief Batiste,  Cowlitz Indian Tribe, Cowlitz Indian Tribal Police Public Safety Department, and its director constituted a Monell Claim by ratification of the defendant officer's actions in violation of 42.U.S.C. § 1983.
93. The actions, inaction and negligence of Washington State, the Washington State Patrol, Chief Batiste,  Cowlitz Indian Tribe, Cowlitz Indian Tribal Police Public Safety Department, and its director constituted a Monell Claim by having policy and practices which allowed officers to violate 42.U.S.C. § 1983
94.  The complaint is timely filed within the applicable statute of limitations. The appropriate statute of limitations is Washington's three year statute for personal

COMPLAINT - 14

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

injury claims. RCW 4.16.080. The United States Supreme Court and the Ninth Circuit have held that 42 U.S.C 1983, which does not contain a statute of limitations but instead adopts the relevant statute of limitations for personal injury claims. Wilson v. Garcia 471 U.S. 261 (1985). Stanley v. Trustees of California State University, 433 F.3d 1129 (9th Cir.2006).

## VII.  CAUSATION AND PROXIMATE CAUSE

95.     The negligence, fault, acts, inactions, or omissions of Defendants, each of them as previously described herein under the sections of this Complaint describing the parties, facts, and liability, were the cause-in-fact and the proximate cause of Plaintiffs' damages as hereinafter described.

## IX.  DAMAGES

96..    Plaintiffs have suffered and sustained past, present and future damages including, but not necessarily limited to, the following:

Physical pain and suffering from being shot and receiving impact from shrapnel; lost Wages, Back Pay, Front Pay and lost benefits in an amount to be determined at trial; Damages for loss of enjoyment of life, pain and suffering, mental anguish, anxiety, emotional distress, injury to reputation, and humiliation; Prejudgment interest in an amount to be proven at trial; Reasonable attorney's fees and costs;

///

COMPLAINT - 15

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601

## X. PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter, including the pendent claims;

b) empanel a jury to hear and decide all questions of fact;

c) award to plaintiff punitive damages against defendant for the malicious and spiteful pattern of violation of state and federal law; Equitable relief to provide outside oversight of all officer involved shooting investigations  Equitable relief to ensure investigative integrity by requiring that officer involved shooting investigations be conducted without any knowledge or oversight by any police agency and instead be conducted by an outside independent investigative agency;

d) Whatever further and additional relief the court shall deem just and .Attorney Fees and costs; Other economic/special damages; and other non-economic/general damages including pain and suffering;

e) Any and all such damages are in amounts to be proven at the time of trial or arbitration of this cause.

f) permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in violations of the civil rights of the citizens they are sworn to protect

g) enter any other order the interests of justice and equity require.

DATED this July 21, 2023

\_\_S/Josephine C. Townsend_____
JOSEPHINE TOWNSEND, WSBA 31965
of Attorneys for Plaintiff

COMPLAINT - 16

Josephine C. Townsend
Attorney At Law
1920 Broadway Street
Vancouver WA 98663
360-694-7601