UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VENICE TIMONE HADLEY, et al., <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>WASHINGTON STATE PATROL, et al., <br><br>　　　　　　Defendants. | CASE NO. C23-5776 BHS <br><br> ORDER |

　　　　This matter is before the Court on Defendants Washington State Patrol, Chief John Batiste, Trooper Evan Tippets, and Trooper Joshua Bacheller's (collectively the State Defendants) Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Dkt. 7.

### I.　BACKGROUND

　　　　In June 2021, Plaintiff Venice Hadley was driving a vehicle on Interstate 5 in Cowlitz County, Washington. Dkt. 1-2, ¶¶ 18–20. Plaintiff Mary Flo Horan was his passenger. *Id.* ¶ 18. Washington State Patrol (WSP) Troopers Tippets and Bacheller attempted to pull Hadley over for speeding, but Hadley "failed to pull over." *Id.* ¶¶ 20,

24. Tippets and Bacheller pursued Hadley for several miles and entered Clark County. *Id.* ¶ 27.

Hadley exited the interstate and proceeded onto State Route 516. Dkt. 1-2, ¶ 28. He struck a vehicle that was stopped "at the interchange with a round about," causing Hadley's vehicle to become "immobilized." Dkt. 1-2, ¶ 28. A Cowlitz Indian Tribal Public Safety Department officer, Austin Moore, parked his patrol vehicle facing the drive side door of Hadley's vehicle. *Id.* ¶¶ 31, 32. The complaint does not state when, exactly, Moore started to pursue Hadley.

Moore exited his patrol vehicle and "repeatedly screamed profanities at [] Hadley, demanding that he place his hands outside the vehicle." Dkt. 1-2, ¶ 34. Moore also pointed his firearm toward Hadley's vehicle and "continued to scream at [] Hadley to show his hands." *Id.* ¶ 34. The complaint alleges that Hadley "placed his hand outside of the vehicle" and Moore "yelled gun and shot [] Hadley several times." *Id.* ¶ 36. The complaint also alleges that Tippets and Bacheller then "opened fire" on Hadley's vehicle, shooting Hadley and causing shrapnel from the bullets to hit Horan's legs and torso. *Id.* ¶ 40. Hadley survived but suffered multiple gunshot wounds. *Id.* ¶ 41.

Hadley and Horan sued in Clark County Superior Court, asserting 42 U.S.C. § 1983 claims for excessive force in violation of both the Fourth Amendment and Fourteenth Amendment against Troopers Tippets and Bacheller and Officer Moore; § 1983 vicarious liability claims against Chief Batiste, § 1983 *Monell* claims against the WSP, the Cowlitz Indian Tribe, and the Cowlitz Indian Tribal Police Public Safety

Department; § 1983 claims for violating the Fifth Amendment and Eighth Amendment;[1] a § 1985(3) claim for conspiring to deprive them of equal protection of the laws; and a claim alleging a violation of § 1988—a statute that instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts.[2] Dkt. 1-2, ¶¶ 7, 88, 91.

Hadley and Horan also assert against all the defendants state law claims of outrage, negligent infliction of emotional distress, negligence, and violations of both the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, and RCW 43.101.410—a statute that requires local law enforcement agencies to adopt certain policies, procedures, and training to prevent racial profiling. *Id.* ¶¶ 67–86. They request, among other things, to "permanently enjoin the defendants, their assigns, successors, agents, and employees and those acting in concert with them from engaging in violations of the civil rights of the citizens they are sworn to protect." *Id.* at 16.

The State Defendants removed to this Court, asserting federal question jurisdiction. Dkt. 1, ¶¶ 4–6 (citing 28 U.S.C. §§ 1331, 1343, 1367, 1441). They move to dismiss only Hadley and Horan's § 1983 Fourth and Fourteenth Amendment claims against WSP and Tippets and Bacheller in their official capacities,[3] their § 1983 vicarious liability claims against Batiste, and their § 1985(3), § 1988, WLAD, and RCW

---

[1] It is unclear who Hadley and Horan claim violated their Fifth Amendment and Eighth Amendment rights and in what manner.

[2] It is also unclear who, exactly, Hadley and Horan assert the § 1985(3) and § 1988 claims against.

[3] The State Defendants assert that "Plaintiffs have not properly served State Defendants with respect to the claims brought against them in their individual capacities, and those claims are not addressed here." Dkt. 7 at 2 n.1.

43.101.410 claims against them. Dkt. 7 at 2. They also move to dismiss Hadley and Horan's claims for injunctive relief. *Id.* They do not address any of Hadley and Horan's other claims.

The State Defendants contend that the § 1983 claims asserted against WSP and Troopers Tippets and Bacheller in their official capacities fail because "WSP and the individual State Defendants sued in their official capacities are not subject to damages actions under Section 1983." Dkt. 7 at 4. They assert that "'neither a State nor its officials acting in their official capacities are "persons" under § 1983'" and "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" Dkt. 7 at 4 (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).[4]

They assert that the § 1983 claims against Batiste fail because he cannot be held vicariously liable as a supervisor under § 1983: "'Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" Dkt. 7 at 5 (quoting *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989)).

---

[4] The complaint does not appear to sue WSP in its "official capacity," as asserted by the State Defendants. Dkt. 7 at 4. The complaint instead asserts a *Monell* claim against the WSP. Dkt. 1-2, ¶¶ 3, 93. It is well established that a "governmental entity," like WSP, "may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). Because the State Defendants' motion to dismiss does not address Hadley and Horan's *Monell* claim, the Court expresses no opinion in this order as to whether this claim is plausible.

ORDER - 4

The State Defendants argue that the § 1985(3) conspiracy claim fails because Hadley and Horan fail to plead any factual basis to support such a claim. Dkt. 7 at 5–6. They assert that such a claim requires a showing of

> "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Id.* (citing *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 829 (1983); *Mian v. Donaldson, Lufkin & Jenrette Securities*, 7 F.3d 1085, 1087–88 (2d Cir. 1993)).

They argue that the complaint contains only the following conclusory and legally-insufficient statement in support of this claim: "'Upon information and belief the shooting of Plaintiffs were [sic] a result of implicit, institutional, and purposeful discrimination against Mr. Hadley because he was a black male.'" Dkt. 7 at 6 (quoting Dkt. 1-2, ¶ 76).

The State Defendants contend that the § 1988 claim fails because that statute does not create a private cause of action: "'We know of no lower court decision that had held otherwise. To the contrary, the lower federal courts have repeatedly rejected the argument s [sic] 1988 independently creates a federal cause of action for the violation of federal civil rights.'" Dkt. 7 at 6–7 (quoting *Moor v. Alameda Cnty.*, 411 U.S. 693, 704 n.17 (1973)).

1        The State Defendants finally assert that the Eleventh Amendment bars Hadley and
2   Horan's request for injunctive relief because they fail to allege an *ongoing* violation of
3   federal law. Dkt. 7 at 7 (citing *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of*
4   *Maryland*, 535 U.S. 635, 636 (2002); *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir.
5   2002)).

6        Hadley and Horan's response brief does not address the merits of the motion to
7   dismiss and, instead, moves to amend the complaint to "correct deficiencies noted in
8   Defendant's [sic] motion." Dkt. 12 at 6–7 (boldface and capitalization omitted). Hadley
9   and Horan assert that they should be entitled to amend the § 1985(3) conspiracy claim
10  because "[n]o disciplinary action was taken by any agency against the officers for their
11  policy violations, evidencing a conspiracy to allow such pursuits and to in fact encourage
12  them." *Id.* at 9–10. They claim that "Chief Batiste is complicit in the conspiracy, because
13  he took no action against Troopers Tippets and Bacheller for initiating a pursuit for a
14  simple traffic infraction, despite policies and procedures the Chief ratified that prohibited
15  such conduct." *Id.* at 21. Hadley and Horan concede that § 1988 does not create a private
16  right of action, *id.* at 25, and they do not explain how they could cure the deficiencies in
17  the § 1983 claims against Tippets and Bacheller in their official capacities, the WLAD
18  claim, the § 1983 vicarious liability claims against Batiste, or the RCW 43.101.410 claim.
19  They finally seek to assert a new claim under Title VII of the Civil Rights Act of 1964,
20  contending that Tippets and Bacheller unlawfully pursued Hadley because of his race. *Id.*
21  at 24.

22

ORDER - 6

The State Defendants reply that the Court should grant their motion to dismiss because Hadley and Horan fail to address their legal arguments and, in turn, effectively concede that the motion has merit. Dkt. 14 at 1–2. They also move to strike the motion for leave to amend because it was not properly filed under the Federal Rules of Civil Procedure or the local rules. *Id.* at 2. The State Defendants further contend that Hadley and Horan improperly attempt to raise a new Title VII claim in response to their motion to dismiss and that this claim nevertheless fails on the merits. *Id.* at 6.

The issues are addressed in turn.

## II.  DISCUSSION

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Under this District's local rules, a party opposing a motion shall file a brief in opposition to the motion and, if a party fails to do so, "such failure may be considered by the court as an admission that the motion has merit." Local Rules, W.D. Wash. LCR 7(b)(2); *accord Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("'A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to defendant's motion to dismiss . . . , has effectively abandoned his claim, and cannot raise it on appeal.'" (quoting *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006))). Hadley and Horan fail to address any of the arguments raised in the motion to dismiss and, instead, acknowledge the "deficiencies noted in Defendant's [sic] motion." Dkt. 12 at 6–7 (boldface and capitalization omitted). The Court concludes that the State Defendants' arguments are meritorious, and construes Hadley and Horan's failure to respond as an admission of such.

The Court further construes Hadley and Horan's response brief as addressing whether any deficiencies with the challenged claims could possibly be cured through further amendment.[5] *See Cook, Perkiss & Liehe*, 911 F.2d at 247 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Hadley and Horan do not explain how they could cure the § 1983 claims against Tippets and Bacheller in their official capacities, the § 1983 vicarious liability claims against Batiste, the WLAD claim, or the RCW 43.101.410 claim. They also concede that the § 1988 claim fails because that statute does not create a private right of action. Dkt. 12 at 25. The State Defendants' motion to dismiss those claims is **GRANTED** and these claims are accordingly **DISMISSED with prejudice** and **without leave to amend**.

Hadley and Horan assert that they should be entitled to amend their § 1985(3) conspiracy claim because "[n]o disciplinary action was taken by any agency against the officers for their policy violations, evidencing a conspiracy to allow such pursuits and to in fact encourage them." Dkt. 12 at 9–10. They argue that "Chief Batiste is complicit in the conspiracy, because he took no action against Troopers Tippets and Bacheller for initiating a pursuit for a simple traffic infraction,[6] despite policies and procedures the

---

[5] For this reason, the State Defendants' motion to strike is **DENIED**. However, Hadley and Horan's attempt to assert at new claim under Title VII is plainly improper and the Court rejects their attempt to do so.

[6] The complaint establishes that Tippets and Bacheller did not pursue Hadley for a simple traffic violation. They pursued Hadley because he "*failed to pull over* for" driving over the speed limit. Dkt. 1-2, ¶ 24 (emphasis added). This is a misdemeanor. *See* RCW 46.61.022 ("Any person who willfully fails to stop when requested or signaled to do so by a person reasonably identifiable as a law enforcement officer . . . is guilty of a misdemeanor.").

ORDER - 9

Chief ratified that prohibited such conduct." *Id.* at 21. They claim that Tippets and Bacheller violated a WSP policy stating that "[a] pursuit should be terminated when . . . ***The suspect is known to the officer and the offense involved is a traffic infraction, misdemeanor, or non-violent felony.***" Dkt. 12 at 9. Yet Hadley and Horan do not allege that Tippets or Bacheller *knew* their identities when these troopers pursued them. But even if Tippets and Bacheller violated an internal WSP policy by pursuing Hadley's vehicle, Batiste's failure to discipline them *afterward* is not evidence of a conspiracy to deprive Hadley or Horan of equal protection of the laws. *See Scott*, 463 U.S. at 829. Furthermore, insofar as Hadley and Horan claim to have been deprived of equal protection under a departmental policy, their § 1985(3) conspiracy claim is meritless. *See Scott*, 463 U.S. at 829 ("[T]o make out a violation of § 1985(3), . . . the plaintiff must allege and prove . . . a conspiracy . . . for the purpose of depriving . . . any person . . . the equal protection of the *laws*, or of equal privileges and immunities under the *laws*." (Emphasis added)).

      Hadley and Horan's assertion of a conspiracy in violation of § 1985(3) is merely conclusory and they accordingly fail to demonstrate that that this claim could be cured by the allegation of other facts. *See Vasquez*, 487 F.3d at 1249; *Cook, Perkiss & Liehe*, 911 F.2d at 247. The State Defendants' motion to dismiss the § 1985(3) claim is accordingly **GRANTED** and that claim is **DISMISSED with prejudice** and **without leave to amend**.

      Hadley and Horan also assert that, "[i]n an amended complaint, [they] will seek permanent injunction against the Washington State Patrol, its Chief and its officers in

1 | their official capacity from initiation or sustaining a pursuit for a simple traffic
2 | infraction." Dkt. 12 at 16. They contend that they would also "request in their amended
3 | complaint that the Agencies involved utilize non police civilian ombudsman group to
4 | review the actions of officers." *Id.* They further assert that they would "request
5 | permanent injunctive relief against all defendants from giving confusing and irrational
6 | demands to stopped drivers and to adopt a standardized protocol for proceeding in a
7 | traffic stop." *Id.* at 12.

But Hadley and Horan fail to show an ongoing violation of federal law. *See R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1221 (9th Cir. 2023) ("For a suit to proceed under *Ex parte Young*, the plaintiff must allege—not prove—an ongoing violation of federal law for which she seeks prospective injunctive relief."). Because they fail to demonstrate how their claims for injunctive relief could be cured through further amendment, the State Defendants' motion to dismiss these claims is **GRANTED** and they are **DISMISSED with prejudice** and **without leave to amend**.

Therefore, it is hereby **ORDERED** that the State Defendants' motion to dismiss, Dkt. 7, is **GRANTED**. Hadley and Horan's § 1983 Fourth and Fourteenth Amendment claims against Tippets and Bacheller in their official capacities, § 1983 vicarious liability claims against Batiste, the § 1985(3) claim, the § 1988 claim, the WLAD claim, the RCW 43.101.410 claim, and the claims for injunctive relief are **DISMISSED with prejudice** and **without leave to amend**.

//

//

1   Dated this 9th day of May, 2024.

BENJAMIN H. SETTLE
United States District Judge